FILED
John E. Triplett, Clerk of Court
United States District Court
By loganherb at 2:32 pm, Apr 18, 2024

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JANE DOE,

    Plaintiff,

v.

EMILY BULMAN GHIORSO
and CHARLES GHIORSO,

    Defendants.

Civil Action
File No.: CV224-57

## COMPLAINT FOR DAMAGES

COMES NOW, JANE DOE, Plaintiff in the above styled civil action, and files this Complaint for Damages against the Defendants EMILY BULMAN GHIORSO and CHARLES GHIORSO, and shows the Court as follows:

## PARTIES

1.

Plaintiff JANE DOE (hereinafter referred to as "Plaintiff") is a U.S. citizen currently domiciled in the United States of America. Plaintiff brings this complaint anonymously due to the intimate nature of the materials which form the subject matter of the complaint, and because Plaintiff fears further embarrassment and psychological damage if her identity were to become publicly known.

2.

Defendant EMILY BULMAN GHIORSO (hereinafter referred to as "Defendant Emily Ghiorso" or "Mrs. Ghiorso") is a citizen and resident of the State of Georgia, domiciled in Long County, Georgia. Defendant Emily Ghiorso may be served with process at her last known residence: 113 Cole Court SE, Ludowici, Georgia 31316. Once Defendant Emily Ghiorso has been so served, she will be subject to the jurisdiction of this Court.

3.

Defendant CHARLES GHIORSO (hereinafter referred to as "Defendant Charles Ghiorso" or "Mr. Ghiorso") is a citizen and resident of the State of Georgia, domiciled in Long County, Georgia. Defendant Charles Ghiorso may be served with process at his last known residence: 113 Cole Court SE, Ludowici, Georgia 31316. Once Defendant Charles Ghiorso has been so served, he will be subject to the jurisdiction of this Court.

**JURISDICTION AND VENUE**

4.

Jurisdiction over Defendant is proper pursuant to 28 U.S.C. § 1331.

5.

Venue is proper in this district pursuant to 28 U.S.C.§ 1391.

## STATEMENT OF FACTS

6.

Plaintiff was previously in an intimate relationship with Defendant Charles Ghiorso during a period of time when Mr. Ghiorso was estranged from his wife, Defendant Emily Ghiorso. Plaintiff and Defendant Charles Ghiorso's relationship ended on or about early November of 2022.

7.

Defendant Charles Ghiorso was, at the time of his intimate relationship with Plaintiff, still married to Defendant Emily Ghiorso and remained so.

8.

During Plaintiff's relationship with Mr. Ghiorso, Plaintiff shared an intimate photo of herself via Snapchat. In this photo, Plaintiff's breasts were fully exposed and her face was visible.

9.

This intimate visual depiction of Plaintiff was intended for the private enjoyment of Defendant Charles Ghiorso and Plaintiff, and was not intended for distribution to anyone other than Mr. Ghiorso.

10.

On or about early November of 2022, Plaintiff and Defendant Charles Ghiorso ended their relationship. At that time, upon information and belief, Mr.

Ghiorso returned to living with his wife.

11.

Upon information and belief, on or about November 5, 2022, intimate visual depictions of the Plaintiff were disclosed to Defendant Emily Ghiorso when Mrs. Ghiorso accessed the Snapchat account belonging to Defendant Charles Ghiorso and then viewed, copied and/or downloaded said depictions from Mr. Ghiorso's Snapchat.

12.

Plaintiff did not consent to this disclosure.

13.

In the alternative, Defendants Emily Ghiorso and Charles Ghiorso acted with reckless disregard as to whether Plaintiff had consented to such disclosure.

14.

On or about November 5, 2022, Defendant Emily Ghiorso sent Plaintiff multiple text messages containing harassing and bullying language in which she indicated to Plaintiff that she had become aware of Plaintiff's prior relationship with Defendant Charles Ghiorso.

15.

On or about December 21, 2022, Defendant Emily Ghiorso posted a screenshot of the contents of Mr. Ghiorso's Snapchat to her own Facebook page.

The screenshot showed the intimate photo of Plaintiff described above in which Plaintiff's breasts were exposed, to which Defendant Emily Ghiorso had given the caption "Oops."

16.

Plaintiff did not consent to this disclosure.

17.

In the alternative, Defendant Emily Ghiorso acted with reckless disregard as to whether Plaintiff had consented to such disclosure.

18.

Defendants Emily Bulman Ghiorso and Charles Ghiorso used a means or facility of interstate or foreign commerce to disclose an intimate visual depiction of Plaintiff when they used the internet and cellular networks to disclose photos which contained intimate visual depictions of Plaintiff.

## CAUSE OF ACTION
### Civil action relating to disclosure of intimate images
### 15 U.S.C. § 6851

19.

Plaintiff repeats and incorporates by reference each and every allegation set forth above, as though fully set forth here.

20.

On or about December 21, 2022, Defendant Emily Ghiorso disclosed the photo containing an intimate visual depiction of Plaintiff that she had obtained from Defendant Charles Ghiorso by posting it on Defendant Emily Ghiorso's Facebook page.

21.

Defendants used a means or facility of interstate or foreign commerce to disclose the intimate visual depictions of Plaintiff when she used the internet and cellular networks to disclose a photo containing an intimate visual depiction of Plaintiff.

22.

Plaintiff did not consent to this disclosure.

23.

In the alternative, Defendants acted with reckless disregard as to whether Plaintiff had consented to such disclosure.

24.

Plaintiff has suffered damages as a result.

25.

Plaintiff is entitled to liquidated damages in the amount of $150,000.00 against Defendant Emily Bulman Ghiorso for this disclosure, and the cost of the

action, including reasonable attorney's fees and other litigation costs reasonably incurred pursuant to 15 U.S.C. § 6851(b)(3)(I).

26.

Plaintiff is entitled to liquidated damages in the amount of $150,000.00 against Defendant Charles Ghiorso for this disclosure, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred pursuant to 15 U.S.C. § 6851(b)(3)(i).

27.

Plaintiff is also entitled to equitable relief, including a permanent injunction ordering the Defendants to cease all display or disclosure of the visual depiction pursuant to 15 U.S.C. § 6851(b)(3)(ii).

WHEREFORE, Plaintiff Jane Doe prays for judgment in her favor and against each Defendant, and for the following relief:

- A. Finding Defendant liable under 15 U.S.C. § 6851;

- B. Awarding Plaintiff liquidated damages in the amount of $150,000 against each Defendant, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred pursuant to *15 U.S.C. § 6851(b)(3)(I)*;

- C. Granting appropriate injunctive relief against Defendants pursuant to *15 U.S.C. § 6851(b)(3)(ii)*; and

D.  Awarding such other and further available relief and any other relief the Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

This 18th day of April, 2024.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Ste. 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)