IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>EMILY BULMAN GHIORSO, and<br>CHARLES GHIORSO,<br><br>    Defendants. | CIVIL ACTION NO.: 2:24-cv-57 |

**O R D E R**

This Order concerns the portion of Plaintiff's Motion to Proceed Under Pseudonym and for Protective Order seeking permission to proceed anonymously in this action. Doc. 2. Defendants do not oppose Plaintiff's Motion. Docs. 24, 25. For the reasons explained below, I **GRANT** Plaintiff's Motion to Proceed Under Pseudonym.[1]

**BACKGROUND**

Plaintiff asserts claims in this case under 15 U.S.C. § 6851 concerning disclosure of intimate images. Doc. 1. Plaintiff alleges she shared an intimate image of herself with Defendant Charles Ghiorso using Snapchat. Id. at 3. Plaintiff did not intend to distribute the image to anyone other than Charles Ghiorso. Id. Plaintiff alleges Defendant Emily Ghiorso accessed Charles Ghiorso's Snapchat account and downloaded Plaintiff's private image. Id. at 4. Emily Ghiorso then posted the image on her Facebook page. Id. at 5. Plaintiff claims she did not consent to the disclosure of her image or, in the alternative, Defendants acted with "reckless disregard as to whether Plaintiff had consented to such disclosure." Id. at 6.

---

[1] The Court will address the portion of Plaintiff's Motion seeking a protective order separately.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 10(a) requires "[t]he title of the complaint must name all the parties[.]"  "Generally, parties to a lawsuit must identify themselves in their respective pleadings."  Doe v. Frank, 951 F.2d 320, 322 (11th Cir. 1992) (citing S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe, 599 F.2d 707, 712 (5th Cir. 1979)).  "This rule serves more than administrative convenience.  It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties."  Id. (citing Doe v. Rostker, 89 F.R.D. 158, 160 (N.D. Cal. 1981); and Doe v. Deschamps, 64 F.R.D. 652, 653 (D. Mont. 1974)).  Thus, "[t]his [rule] creates a strong presumption in favor of parties' proceeding in their own names."  Plaintiff B. v. Francis, 631 F.3d 1310, 1315 (11th Cir. 2011).

A plaintiff can overcome this presumption and proceed anonymously if the court determines "plaintiff has a substantial privacy right which outweighs the customary and constitutionally[]embedded presumption of openness in judicial proceedings."  Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 685 (11th Cir. 2001) (quoting Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992)).  Personal embarrassment alone is not for leave to proceed anonymously.  Doe v. Sheely, 781 F. App'x 972, 974 (11th Cir. 2019) (quoting Frank, 951 F.2d at 324).  Courts must "carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns."  Frank, 951 F.2d at 323 (emphasis in original) (citing Wynne & Jaffe, 599 F.2d at 713).

**DISCUSSION**

Plaintiff argues the disclosure of her name would expose her and her family to significant risks of substantial harm.  Doc. 2 at 2.  Plaintiff does not identify any specific harm in her

2

Motion, but in her Complaint, Plaintiff claims she fears embarrassment and psychological damage if her identify were made public.  Doc. 1 at 1.  Plaintiff argues the statute under which she brings her claim, 15 U.S.C. § 6851, contemplates plaintiffs proceeding under pseudonyms.  Doc. 2 at 2.  Plaintiff also requests a protective order intended to protect her identity.  Doc. 2-1.

Plaintiff has a substantial right to privacy under 15 U.S.C. § 6851.  The statute provides a right of action for plaintiffs whose intimate visual depictions are disclosed without consent. § 6851(b).  Moreover, it expressly authorizes courts to provide "injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym" when a plaintiff files a civil suit under its authority. § 6851(b)(3)(B).  Although general embarrassment ordinarily might not be sufficient to support anonymity, § 6851 plainly contemplates the need for anonymity during litigation when the plaintiff's intimate image is shared involuntarily.  See Doe Williams v. Williams, No. 3:24-CV-165, 2024 WL 2805642, at *5 (S.D. Miss. May 31, 2024) (granting motion to proceed under pseudonym, noting "Section 6851's very purpose is to protect against one's intimate matters being publicized[.]").

Plaintiff shall be permitted to proceed anonymously in these circumstances.  Defendants do not oppose Plaintiff proceeding anonymously, and no one has identified any particular public interest in Plaintiff's identity.  Disclosing Plaintiff's identity could link her to factual details about her intimate image and its unauthorized distribution, further threatening the rights § 6851 seeks to protect.  See, e.g., Doe v. McCoy, No. 1:23-CV-3169, 2024 WL 843908, at *9 (N.D. Ga. Feb. 28, 2024) (granting motion to proceed anonymously, finding the disclosure of the plaintiff's identity in a § 6851 case "would plainly compound the harm she has already purportedly suffered as result of Defendants' alleged conduct.").  Therefore, Plaintiff's

substantial right to privacy outweighs the customary presumption she would proceed in her own name. Accordingly, I **GRANT** Plaintiff's Motion.

## CONCLUSION

For the reasons explained above, I **GRANT** Plaintiff's Motion to Proceed Under Pseudonym.

**SO ORDERED**, this 23rd day of July, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA